Jennifer A. Hradil
Justin T. Quinn
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Nominal Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS PALKON, Derivatively on Behalf of WYNDHAM WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN P. HOLMES, ERIC A. DANZIGER, SCOTT G. MCLESTER, JAMES E. BUCKMAN, MICHAEL H. WARGOTZ, GEORGE HERRERA, PAULINE D.E. RICHARDS, MYRA J. BIBLOWIT, BRIAN MULRONEY, STEVEN A. RUDNITSKY, and DOES 1-10,<br><br>Defendants,<br><br>-and-<br><br>WYNDHAM WORLDWIDE CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | Civil Action No.: 2:14-CV-01234 (SRC) (CLW)<br><br>[PROPOSED] **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER SEALING COMPLAINT AND CERTAIN EXHIBITS** |

Pursuant to Local Civil Rules 5.3(c)(2) and 7.1, Wyndham Worldwide Corporation ("Wyndham") hereby submits its proposed Findings of Fact and Conclusions of Law in support of Plaintiff's motion to seal, and the Court having considered the submissions in support of the

motion to seal, as well as the arguments of counsel, if any; and for good cause having been shown, the following shall constitute the Findings of Fact, Conclusions of Law, and Order of this Court:

## FINDINGS OF FACT

1. On November 20, 2013, the parties entered into a Confidentiality Agreement that designated as Confidential Information the limited production of documents in connection with Plaintiff's demand pursuant to 8 Del. Ch. § 220 to inspect certain books and records of Wyndham (the "Inspection Demand").

2. On December 11, 2013, the parties entered into a further non-waiver agreement that provided that Plaintiff "will not claim any waiver of privilege or other immunity in this or related matters" based on the production of documents in connection with the inspection demand.

3. Under the Confidentiality Agreement the Plaintiff "will keep the Confidential Information confidential and shall not disclose, publish, communicate or transmit any of the Confidential Information to any other person, either directly or indirectly, except as provided in this Agreement."

4. The Confidentiality Agreement further provides the procedures for protecting Confidential Information in the event of litigation, requiring the Plaintiff to "redact all references to Confidential Information in the complaint and any other pleadings or papers filed with the court, serve a redacted and unredacted copy of any such pleadings or papers" and "file a motion for leave to file the complaint and any other pleadings or papers containing Confidential Information under seal."

5. On February 25, 2014, Plaintiff filed both a redacted Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment ("Redacted Complaint") and an unredacted version of the Complaint ("Unredacted Complaint"), exhibits thereto, and a Motion to Seal the Complaint Pursuant to Local Civil Rule 5.3(c)(2) ("Motion to Seal"). Plaintiff's Motion to Seal requests that the Unredacted Complaint and Exhibit F, attached thereto, be permanently sealed because the Complaint references and quotes from materials produced in response to the Inspection Demand which were designated as Confidential Information under the Confidentiality Agreement.

6. Because the Confidential Information contained and reflected in certain paragraphs of the Unredacted Complaint and Exhibit F belongs to Wyndham, Wyndham submitted a Declaration from its counsel Jennifer A. Hradil, Esq., describing (a) the nature of the materials at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. *See* L. Civ. R. 5.3(c)(2) ("If the information required in this section is not within the knowledge of the movant, supplemental motion papers in support of the motion may be filed by a party . . . having such knowledge within fourteen (14) days after the filing of the motion."). .

7. Paragraphs 59, 63, 78-81, 83-91, 95, 99 and portions of Paragraphs 4, 6, 82, 98, 100, and 111 of the Unredacted Complaint, and Exhibit F contain legally privileged and confidential information for which Wyndham has not waived its privilege. Disclosure of Wyndham's legally privileged communications and work product to the public would cause irreparable harm to Wyndham because Wyndham expected that its confidential attorney-client communications and work product would be protected.

8. Wyndham has gone to great lengths to safeguard and protect the confidentiality of its legally privileged information. In accordance with company policy and practice, Wyndham does not disclose privileged communications or attorney work-product, including information contained in presentations and reports to its Board of Directors to any third party unless necessary, and even then, it does so only after ensuring that appropriate precautions have been established to maintain confidentiality. *See* Declaration of Jennifer A. Hradil, Esq. ¶ 24.

9. Public disclosure of Plaintiff's allegations and Exhibit F would serve no legitimate purpose, nor would it aid in promoting fairness or efficiency among the parties to this action.

10. A less restrictive alternative to the relief sought is not available.

11. For these reasons, good cause exists for protecting Wyndham's confidential proprietary information contained in the Unredacted Complaint and Exhibit F.

## CONCLUSIONS OF LAW

1. A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret, or other confidential research, development, or commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1)(G).

2. "Courts have long recognized the attorney-client privilege as one of the few exceptions to the public's right to every man's evidence." *Pal v. Univ. of Med. & Dentistry of N.J.*, No. 11-06911, 2013 WL 4607160, at *2 (D.N.J. Aug. 29, 2013) (Waldor, J.). There are legitimate public and private interests which warrant the sealing of privileged and confidential information including attorney-client communications and attorney work product. "To permit public access to documents protected by privilege would undermine the public's 'interests in the

observance of law and administration of justice.'" *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Injury from the disclosure of a litigant's privileged communications and work product is sufficient to rebut the presumption of public access when "the secrecy interests of private litigants" are at stake. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993).

3. Wyndham's interest in protecting its privileged information warrants the entry of an Order sealing the Unredacted Complaint and Exhibit F, which contain confidential and privileged information, and causing the public filing of the Redacted Complaint.

For the reasons set forth above, as well as good cause having been shown:

IT IS this 15th day of April, 2014,

**ORDERED** that Wyndham has complied with the strictures of Local Civil Rules 5.3(c) and 7.1; and it is further

**ORDERED** that the Unredacted Complaint and Exhibit F, thereto, are hereby sealed and shall remain sealed until further order of this Court; and it further

~~ORDERED that the Clerk shall docket and cause the public filing of the Redacted Complaint and exhibits, thereto, with the exception of Exhibit~~

_____
Hon. Cathy L. Waldor, U.S.M.J.

\* **ORDERED** that Plaintiff's counsel shall file the Redacted Complaint and exhibits, thereto, with the exception of Exhibit F by April 30, 2014; and it is further

\* **ORDERED** that The Court will hold a teleconference, to be initiated by Plaintiff's counsel, on May 6, 2014 at 1:00 pm.

5